UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS BONILLA CASTANEDA,<br><br>   Plaintiff,<br><br>   v.<br><br>S. DALEY, et al.,<br><br>   Defendants. | Case No.: 1:15-cv-01863-DAD-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 2] |

Plaintiff Jesus Bonilla Castaneda is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

This action was initially filed in the Fresno County Superior Court and removed and filed in this Court on December 11, 2015.

Defendants have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), and Plaintiff declined magistrate judge jurisdiction.[1] Accordingly, this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

///

///

///

---

[1] Defendants consented to magistrate judge jurisdiction on January 8, 2016 (ECF No. 6), and Plaintiff declined magistrate judge jurisdiction on February 1, 2016 (ECF No. 8.)

1

# I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///
///
///
///
///

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is paraplegic and bound to a wheelchair. Plaintiff names James Yates, Pease, Mendez, J. Burnes, T. Thatcher, Aguerralde, Sauceda, Maloney, Miller, Daley, McCullom, Carlson, D. May, J.G. Lopez, L. Mackin, Black, Ibal, Contreras, and Does 1 through 5 as Defendants.[2]

The team that J. Burnes was cheering for was losing the super bowl which caused Burnes to threaten all of those who were cheering for the other team. J. Burnes zeroed in on Plaintiff and John Madrid (who is a small elderly man). J. Burnes asked officer Black to open the door to Plaintiff's cell knowing that J. Burnes would assault Plaintiff. Upon opening the cell door to Plaintiff's cell, J. Burnes began spraying Plaintiff with OC spray. Burnes then tried to pull Plaintiff out of his cell by pulling on the back of his wheelchair, but only succeeded in dumping Plaintiff onto the floor where Burnes continued to utilize OC spray on Plaintiff. J. Burnes then entered Plaintiff's cell and began assaulting John Madrid. Officer Black watched Burnes beat Plaintiff and John Madrid for over ten minutes before Black activated his personal alarm. Upon entering the building, Defendants Pease, Mendez, Thatcher, Aguerralde, Sauceda, McCamey, Miller, Daley, McCullom, Carlson, D. May, and Does 1 through 5, began beating Plaintiff and John Madrid until they believed that John Madrid was deceased. Defendants Pease, Mendez, Burnes, Thatcher, Aguerralde, Sauceda, McCamey, Miller, Daley, McCullom, Carlson, D. May, J.G. Lopez, L. Mackin, Ibal, and Contreras filed false reports to cover-up what they knew was a violation of Plaintiff's civil rights. James Yates is aware of this incident and was aware that this had occurred before. James Yates authorized and orchestrated the cover-up of the crimes committed by all of the Defendants.

## III.

## DISCUSSION

### A.   Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For

---

[2] Defendants S. Daley, J. Yates, P. Pease, J. Black, M McCollum, J. Lopez, R. Contreras, D. Carlson and J. Mendez have been served and made an appearance in this action.

3

claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff's allegations relating to the use of OC spray and other force are vague and conclusory. Plaintiff has not clearly delineated the factual allegations surrounding the use of force. As such, the Court cannot determine whether it is plausible that defendants used force "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Plaintiff does not explain what led to the incident, where the incident took place, what if any reasons were given by defendants for their actions, whether defendants engaged in other conduct to defuse the use of force, or why Plaintiff believes the use of force was extreme and unnecessary. Accordingly, Plaintiff fails to state a cognizable claim for excessive force under the Eighth Amendment.

### B.   Third Party Standing

Plaintiff cannot bring claims on behalf of other individuals, such as inmate John Madrid. See Gonzales v. Cal. Dep't of Corrs., 739 F.3d 1226, 1234 (9th Cir. 2014) ("Generally speaking, 'a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.'") (quoting Powers v. Ohio, 499 U.S. 400, 410 (1991)).

### IV.
### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by

adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).   In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action.  If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss any claims it finds to be improperly joined.

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed December 11, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///
///
///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **February 4, 2016**

UNITED STATES MAGISTRATE JUDGE