UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS BONILLA CASTANEDA,<br><br>  Plaintiff,<br><br>  v.<br><br>S. DALEY, et al.,<br><br>  Defendants. | Case No.: 1:15-cv-01863-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO REMAND BE GRANTED<br><br>[ECF No. 11] |

Plaintiff Jesus Bonilla Castaneda is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), and Plaintiff declined magistrate judge jurisdiction.[1] Accordingly, this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

**I.**

**BACKGROUND**

This action was initially filed in the Fresno County Superior Court and removed and filed in this Court on December 11, 2015.

///

///

---

[1] Defendants consented to magistrate judge jurisdiction on January 8, 2016 (ECF No. 6), and Plaintiff declined magistrate judge jurisdiction on February 1, 2016 (ECF No. 8).

1

On March 7, 2016, Plaintiff filed a motion to remand on the ground that he alleges only state law violations. Defendants filed an opposition on March 29, 2016, Plaintiff filed a reply on May 5, 2016, and the motion has been submitted upon the record without oral argument. Local Rule 230(*l*).

## II.

## **DISCUSSION**

### A.   Motion to Remand Lack of Jurisdiction

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removal statute is strictly construed, and Defendant bears the burden of establishing grounds for removal. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366 (2002); Provincial Government of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). As a threshold matter, courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction," Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted), and "federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance,'" Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc., 482 U.S. at 392.

Defendants removed the instant action based on alleged federal question jurisdiction. In his motion, Plaintiff moves to remand the case back to state court because an Eighth Amendment excessive force claim is barred by Heck v. Humphrey, 512 U.S. 477 (1944), as he received a rules

///

violation report for attempted murder of a correctional officer and was assessed a credit forfeiture of 360 days.

In opposition, Defendants argue that Plaintiff attempted "to allege a 28 U.S.C. § 1983 claim of excessive force against the Defendants amounting to a violation of his rights under the Eighth Amendment. Plaintiff specifically alleges a 'violation of plaintiff's civil rights' by all defendants." (ECF No. 14, Opp'n at 2:17-20.)

Contrary to Defendants' argument, Plaintiff's complaint does not plead a claim for relief under 42 U.S.C. § 1983 and pleads only a claim for general negligence and intentional tort. Although in the factual description of his complaint, Plaintiff references a violation of his civil rights, he specifically pleads relief for general negligence and intentional tort only, and such reference does not convert the state law claims into federal ones.[2] Plaintiff is the drafter of his complaint and has chosen to proceed with claims under state law only. Caterpillar, Inc., 482 U.S. at 392. Therefore, the Court does not have subject matter jurisdiction over this action, and Plaintiff's motion to remand the action back to the Fresno County Superior Court should be granted.

## III.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion to remand this action back to the Fresno County Superior Court be GRANTED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may

///

///

---

[2] Although the Court screened Plaintiff's complaint for excessive force under the Eighth Amendment, the Court presumed Plaintiff was intending to proceed on such claim here in federal court. However, now by way of Plaintiff's motion to remand, it is clear Plaintiff intends (supported by the allegations in his complaint) that he wishes to proceed under state law only.

result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 13, 2016**

UNITED STATES MAGISTRATE JUDGE